IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| CARL ASHLEY THOMPSON, | : |
| Plaintiff, | : |
| VS. | : |
| | : NO. 7:21-CV-110-HL-TQL |
| COLQUITT COUNTY JAIL, *et al.*, | : |
| Defendants. | : |
| | : ORDER |

Plaintiff Carl Ashley Thompson, an inmate in the Colquitt County Jail in Moultrie, Georgia, filed a 42 U.S.C. § 1983 complaint. ECF No. 1. He also moved to proceed *in forma pauperis*. ECF No. 2. On November 1, 2021, the Court granted Plaintiff's motion to proceed *in forma pauperis* and ordered him to pay an initial partial filing fee in the amount of $28.90. ECF No. 6. Plaintiff did not pay the initial partial filing fee. On November 19, 2021, Plaintiff was ordered to show cause why his action should not be dismissed for failure to pay $28.90. ECF No. 8.

Plaintiff responded to the Show Cause Order, stating that he did not have average monthly deposits of $144.50 in his prison trust account. ECF No. 9 at 1. He requested an opportunity to file an updated trust fund account statement. *Id*. The Court allowed him to do so. ECF No. 10. After review of the updated trust fund account (ECF No. 11), the Court ordered Plaintiff to pay an initial partial filing fee of $12.78. ECF No. 12

Instead of following the Court's instructions and paying the required filing fee, Plaintiff

1

moved the Court to "submit an order directly to . . . [the] inmate trust account manager demanding funds." ECF No. 13 at 1.  The Court denied this motion and again ordered Plaintiff to pay the $12.78 initial partial filing fee.  ECF No. 14.

Instead of following the Court's instructions, Plaintiff submitted another copy of his prison trust fund account statement.  ECF No. 15.  This account statement, like those previously submitted, showed that Plaintiff has money deposited into his account on a regular basis and he spends it on discretionary items.  *Id*.

In an order to show cause dated February 17, 2022, the Court informed Plaintiff that if he wanted to proceed with this action, he must pay the $12.78 initial partial filing fee.  ECF No. 16; *Sellers v. United States*, 881 F.2d 1061, 1063 (11th Cir. 1989) (affirming district court's dismissal of Plaintiff's action for failure to pay an initial partial filing fee when trust fund statement showed Plaintiff received money regularly and spent the money on "discretionary" items as opposed to paying the initial partial filing fee).  Plaintiff was ordered to show cause within fourteen days why his case should not be dismissed for failure to follow the Court's previous orders.  ECF No. 16.  Plaintiff was told that his failure to respond to the order to show cause would result in dismissal of the action.  *Id*.

Due to Plaintiff's failure to follow the Court's Order and prosecute this action, the case is hereby **DISMISSED WITHOUT PREJUDICE**.  Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Ctny. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) (holding the court may dismiss an action sua sponte under Rule 41(b) for failure to prosecute or failure to obey a court order).

So **ORDERED**, this 15th day of March, 2022.

*s/ Hugh Lawson*
HUGH LAWSON, JUDGE
UNITED STATES DISTRICT COURT
